UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS-6

| Case No. | CV 21-3071 PSG (ASx) | Date | May 13, 2021 |
|---|---|---|---|
| Title | Cesar Medina v. Western Distributing Company et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** **The Court REMANDS the case to state court**

Before the Court is a notice of removal filed by Defendant Western Distributing Company ("*Defendant*"). *See generally Notice of Removal*, Dkt. # 1 ("*NOR*"). On April 22, 2021, the Court ordered Defendant to show cause why this matter should not be removed for lack for subject matter jurisdiction. *See generally* Dkt. # 13 ("*OSC*"). Defendant responded on May 10. *See generally* Dkt. # 15 ("*OSC Response*"). After reviewing the complaint, the notice of removal, and Defendant's response to the Court's order to show cause, the Court concludes that the case was improperly removed and **REMANDS** it to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Coronado v. United Parcel Serv.*, No. EDCV 09-332 DDP (RZx), 2009 WL 975859, at * 4 (C.D. Cal. Apr. 10, 2009) ("In sum, § 1447(c) authorizes *sua sponte* remand (and, indeed, *requires* remand) when a court finds that it does not have subject matter jurisdiction.").

I.  Background

Plaintiff Cesar Medina ("*Plaintiff*") initiated this action on February 8, 2021 in the Los Angeles County Superior Court. *See generally Declaration of Tyreen G. Torner*, Dkt. # 4, Ex. A ("*Compl.*"). Plaintiff brought various causes of action for civil penalties under California's Private Attorney General Act ("*PAGA*"), alleging violations of California's wage and hour laws. *See generally id*. On April 8, Defendant timely removed the case to this Court. *See generally NOR*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3071 PSG (ASx) | Date | May 13, 2021 |
|---|---|---|---|
| Title | Cesar Medina v. Western Distributing Company et al | | |

II.     Discussion

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on diversity of citizenship between the parties, *see id.* § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. 267, 267 (1806); 28 U.S.C. § 1332(a).

Here, Defendant asserts that federal jurisdiction exists based on diversity. *NOR* ¶ 2. Defendant states that the parties are completely diverse because Defendant is a citizen of Colorado and Plaintiff is a citizen of California. *Id*. ¶¶ 2–3. Defendant also insists that the amount in controversy requirement is met because California case law allows for aggregation of all employees' claims under PAGA. *Id*. ¶¶ 10–20. Further, Defendant contends that the Court should consider 100 percent of the civil penalties available under PAGA, rather than only the 25 percent that will stay with the aggrieved employees.[1] *Id*. ¶ 14. Thus, according to Defendant, the total amount in controversy including attorneys' fees is $56,935,062.50. *Id*. ¶ 39.

Notably, Defendant does not argue that the amount in controversy requirement is met if the Court considers only the value of Plaintiff's claim. As such, the only way Defendant can establish the amount in controversy requirement is if the Court agrees with Defendant that California case law allows for aggregation of employees' PAGA claims.

In its order to show cause, the Court was concerned that diversity jurisdiction was lacking because the Ninth Circuit disagrees with Defendant's assertion that the claims of aggrieved employees under PAGA can be aggregated to determine the amount in controversy. *OSC*; *see generally Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118 (9th Cir. 2013).

The situation in *Urbino* is identical to the one here. In both cases, an aggrieved employee brought wage and hour claims under PAGA against his employer in California state court. 726 F.3d at 1121; *see generally Compl*. The employer removed, arguing that the potential PAGA penalties should be combined to determine the amount in controversy. *Urbino*, 726 F.3d at 1121; *see generally NOR*. In *Urbino*, the district court agreed with the employer and denied the employee's motion to remand. *Urbino*, 726 F.3d at 1121.

---

[1] Seventy-five percent of the civil penalties recovered under PAGA must be distributed to the Labor and Workforce Development Agency ("LWDA"), and 25 percent remains with the aggrieved employees. *See* Cal. Lab. Code § 2699(i).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3071 PSG (ASx) | Date | May 13, 2021 |
|---|---|---|---|
| Title | Cesar Medina v. Western Distributing Company et al | | |

The Ninth Circuit reversed, finding that PAGA claims cannot be aggregated to determine the amount in controversy. *Id*. at 1122. The Court determined that the "host of claims" available to aggrieved employees "to vindicate their employers' breaches of California's labor code" are "rights [] held individually." *Id*. The court explained that "[e]ach employee suffers a unique injury—an injury that can be redressed without the involvement of the other employees." *Id*. Thus, in line with the traditional rule that multiple plaintiffs cannot aggregate their separate and distinct claims to satisfy the amount in controversy requirement, the Court held there was no diversity jurisdiction. *Id*.

The Court also rejected the employer's argument that the employee represented "the state's collective interest in enforcing its labor laws through PAGA." *Id*. The court explained:

> To the extent Plaintiff can—and does—assert anything but his individual interest, however, we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction. The state, as the real party in interest, is not a "citizen" for diversity purposes.

*Id*. at 1122–23 (internal citations omitted).

Defendant argues that subsequent cases decided by California appellate courts and the California Supreme Court undermine the Ninth Circuit's reasoning in *Urbino*. *See generally NOR; OSC Response*. For example, Defendant points to *Huff v. Securitas Sec. Servs. USA, Inc.*, 23 Cal. App. 5th 745 (2018), where a California court of appeal held that a PAGA plaintiff could pursue penalties based on Labor Code violations that did not affect him personally. *Id*. at 745. The Court reasoned that "a representative action under PAGA is not a class action" and "[t]he idea that a plaintiff must be aggrieved of all the violations alleged in a PAGA case does not flow logically from the fact that a plaintiff is standing in for government authorities to collect penalties paid (in large part) to the state." *Id*. at 757. Defendant contends that the California Supreme Court endorsed the analysis in *Huff* last year in *Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73 (2020), stating that "a PAGA claim is not simply a collection of individual claims for relief" and "*every* PAGA action is a representative action on behalf of the state." *Id*. at 86–87 (citations omitted).

According to Defendant, these cases show that (1) PAGA actions are not class actions, (2) PAGA actions are law enforcement actions meant to "address the conduct of the employer, not to redress the injuries of the employees," and, therefore, (3) PAGA claims are common and undivided because "any single Labor Code violation violates Defendant's obligations to Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3071 PSG (ASx) | Date | May 13, 2021 |
|---|---|---|---|
| Title | Cesar Medina v. Western Distributing Company et al | | |

and the State under PAGA at the same time and in the same way." *OSC Response* 5:23–12:11. Thus, Defendant argues that the Ninth Circuit's reasoning in *Urbino* "was premature and misguided" and requests that this Court disregard its method of calculating the amount in controversy. *Id*. 16:10–13.

The Court rejects Defendant's arguments. Absent intervening California case law, the Court is bound by the Ninth Circuit's interpretation of California law. *See FDIC v. McSweeney*, 976 F.2d 532, 535 (9th Cir. 1992). And although the California case law cited by Defendant may call into question some of the reasoning in *Urbino*, it is the province of the Ninth Circuit—not this Court—to determine whether *Urbino* remains good law.

As such, the Court finds that Defendant has failed to establish that the Court has subject matter jurisdiction over this "quintessential California dispute" and **REMANDS** it to state court.[2]

III.   Conclusion

For the foregoing reasons, the Court **REMANDS** the case to state court. This order closes the case.

**IT IS SO ORDERED.**

---

[2] Defendant also argues that Plaintiff's PAGA case should be transferred to the Northern District of California where Plaintiff's class action claims regarding the same wage and hour violations are pending. *OSC Response* 14:1–16:5. While the Court agrees that consolidating the cases could promote convenience and judicial economy, the Court cannot transfer a case over which it lacks jurisdiction.